**Jane E. CAMERON, Plaintiff,**

v.

**The BOARD OF EDUCATION OF the HILLSBORO CITY SCHOOL DISTRICT, et al., Defendants.**

**No. C–1–90–291.**

United States District Court, S.D. Ohio, W.D.

March 29, 1993.

See also 795 F.Supp. 228.

Marc David Mezibov, Sirkin, Pinales, Mezibov & Schwartz, Cincinnati, OH, for plaintiff.

Ralph Gary Winters, McCaslin, Imbus & McCaslin, Cincinnati, OH, Karrie M. Kalail, Whalen & Compton, Akron, OH, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

SPIEGEL, District Judge.

This matter is before the Court on the Plaintiff's Motion for New Trial (doc. 49), Defendants' Memorandum in Opposition to Plaintiff's Motion for New Trial (doc. 50), and Plaintiff's Reply (doc. 51).

### BACKGROUND

Jane Cameron, the Plaintiff, brought this lawsuit alleging that Defendant Hillsboro Board of Education did not renew her teaching contract based upon discriminatory reasons. The Defendants contended that Ms. Cameron's dismissal was due to poor performance. This case was tried to a jury, which returned a verdict for the Defendants.

During the course of this trial, this Court admitted Defendant Joe Temple's logbooks over the Plaintiff's objections. Mr. Temple's logbooks contained alleged parental complaints registered against the Plaintiff. This Court also allowed Mr. Temple to refresh his recollection during testimony by referral to the logbooks. Finally, this Court allowed six parents, who had lodged complaints against Ms. Cameron, to testify to the fact that they had indeed made complaints against the Plaintiff. We allowed this body of evidence to be admitted not for the truth of the matter asserted; but rather, to show the Defendants' state of mind. For the purposes of this Order, we shall refer to this evidence collectively as "parental complaint evidence," as the analysis regarding the admission of all three "categories" is identical.

Ms. Cameron requests that this Court grant a new trial under Fed.R.Civ.P. 59(a). The Plaintiff contends that a new trial should be granted on two grounds: (1) that this Court's admission of the parental complaint evidence was in error and prejudicial; and (2) that the jury's verdict was against the great weight of the evidence. For the rea-

sons set forth below, this Court denies the Plaintiff's Motion for a New Trial.

## STANDARD

Under the Federal Rules of Civil Procedure, a new trial may be granted for certain irregularities that occurred in the proceedings. Fed.R.Civ.P. 59(a). The improper or prejudicial admission of evidence is one such irregularity, but only if it affects the substantial rights of the parties. Fed.R.Civ.P. 61; *Wade v. Lane*, 189 F.Supp. 661 (D.C.1960).

## DISCUSSION

### Admission of the Parental Complaint Evidence

The Plaintiff contends that the admission of the parental complaint evidence engendered prejudicial error—because such evidence was hearsay. Consequently, Ms. Cameron argues that her rights to a fair trial were substantially affected.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). The grounds under which this evidence was admitted, however, did not constitute hearsay. The evidence was, in fact, admitted for the limited purpose of showing the motive and intent of the Defendants when they decided not to renew Ms. Cameron's employment contract. The admission of this evidence was proper under the hearsay rules if it was not admitted to prove the truth of the matters asserted. *See McDaniel v. Temple Independent School Dist.*, 770 F.2d 1340 (5th Cir.1985). As noted in *McDaniel*, the issue in a Title VII case is

"not whether the employer made the correct decision in discharging the employee, but whether the employer intended to discriminate against the employee." *Id.* at 1349.

The parental complaint evidence was not admitted to prove the truth of the matter asserted—that parents complained about Ms. Cameron's teaching. Instead, the parental complaint evidence was admitted to prove the state of mind of the Defendants, i.e., that gender was not a motivating factor in the Defendants' decision to not renew Ms. Cameron's contract.[1] In this regard, this Court gave limiting instructions to the jury that they were not to consider any of the parental complaint evidence for its truth, but rather that this evidence was to be considered only for the fact that complaints had been made and for its bearing upon the Defendants' decision to not renew Ms. Cameron's contract. *See Mazzella v. RCA Global Communications, Inc.*, 642 F.Supp. 1531, 1543 (S.D.N.Y.1986) *aff'd*, 814 F.2d 653 (2nd Cir. 1986) (no published opinion) (holding in a pregnancy discrimination case that "it is well settled that an employer may rely on such testimony in articulating a nondiscriminatory reason for its actions"). Because of the limited nature in which the parental complaint evidence was admitted, and because of this Court's limiting instructions to the jury regarding the scope of the parental complaint evidence, we find that Plaintiff's rights were not substantially affected, and thus that a new trial should not be granted on this ground.[2]

### The Weight of the Evidence

Under Fed.R.Civ.P. Rule 59(a), a new trial may also be granted if the jury verdict is

---

1. The fact that Defendant Joe Temple was granted a directed verdict, moreover, does not strip this evidence of its relevance as regards the intent and motive of the remaining defendants. Where the state of mind of the declarant is relevant in a lawsuit, the out-of-court statements of the declarant which do not directly assert the state of mind are not offered for their truth. *U.S. v. West*, 666 F.2d 16, 20 (2nd Cir.1981). Moreover, Mr. Temple advised the other two Defendants, Mr. Burton and the School Board, of the parental complaints about Ms. Cameron. Therefore, Mr. Temple's state of mind is relevant in determining the state of mind of the other Defendants.

2. Ms. Cameron's claim that the collective bargaining agreement was breached by the admission of the parental complaint evidence is unwarranted. First of all, as the Defendants pointed out in their brief, the collective bargaining agreement contains no provision preventing the Defendants from using complaints as a basis for employment decisions. Secondly, as already noted within this Order, Mr. Temple's logbooks were admitted only to show the intent or motive of the Defendants, and were not admitted to prove the truth of the matters contained within the complaints.

contrary to the clear weight of the evidence. *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir.1981). The Plaintiff contends that the "credible evidence" before the jury failed to support the inference that the Plaintiff's non-renewal was based upon her teaching performance. The jury, however, is charged with weighing the credibility of all of the evidence presented. " '[C]ourts are not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.' " *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir.), *cert. denied*, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260 (1967) (quoting *Tennant v. Peoria & P.U. Ry. Co.*, 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944)). While a district judge has the duty to intervene where appropriate, "the jury's verdict should be accepted if it is one which reasonably could have been reached." *Id.; see also TCP Indus.*, 661 F.2d at 546; *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir.1982).

Unfortunately for the Plaintiff, the clear weight of the evidence here does not mandate that this Court interfere with the jury's decision. As Defendants pointed out in their brief to this Court, Plaintiff had the burden of proof in this case. The jury concluded that gender was not a motivating factor in the Defendants' decision not to renew Ms. Cameron's teaching contract. After listening to the evidence presented at trial, we find that the jury's decision was well within reason.

## CONCLUSION

Accordingly, the Plaintiff's Motion for a New Trial is denied.

SO ORDERED.